WARNACO, INC., Plaintiff,

v.

Leopold FREUND, et al., Defendants.

WARNACO, INC., Plaintiff,

v.

NEW YORK WOVEN LABEL CO., et al., Defendants.

WARNACO, INC., Plaintiff,

v.

ANDMART SALES CORP., et al., Defendants.

No. 79 C 393.

United States District Court,
E. D. New York.

May 7, 1980.

Saul C. Kauder, New York City, for defendants Andmart Sales Corp. and Seymour Kasner.

Dawson, Kimelman & Clayman, New York City (Steven Kimelman, New York City, of counsel), for defendants Herman Lebowitz, Aaron Weiss, L & W Mailbox Service Co. and Williamsburgh Check Cashing Corp.

Watson Leavenworth Kelton & Taggart, New York City (Frank J. Colucci, New York City, of counsel), for defendant Herbert Rosenberg.

Amster, Rothstein & Engelberg, New York City (Morton Amster, Anthony Lo Cicero, Roy H. Wepner, New York City, of counsel), for plaintiff.

Lackenbach, Lilling & Siegel, New York City (Burton L. Lilling, New York City, of counsel), for defendants Leopold Freund and Statewide Trading, Inc.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought this motion for trademark infringement and unfair competition alleging that defendants conspired among themselves and possibly with others to counterfeit labels of well known brands of men's apparel, to affix the labels to shoddy merchandise, and to palm off deliberately the merchandise to unsuspecting retailers, all while hiding their identity behind a mail drop run by the defendants.

By order dated November 19, 1979 this court denied a motion by Crown Knits Co. and E. Josef Brown, non-parties to the action, for an order quashing a subpoena served by plaintiff upon Citibank, N.A. calling for the production of bank accounts, including signature cards, checks and deposits of Crown Knits Co. and Brown.

Plaintiff claims that in late 1979 it learned that the counterfeiter it previously knew as "R.J. Goldflair" and "Mr. Shirt Co" also used the name "E. Josef Brown". Brown, in turn, did business through a company known as Crown Knits Co. Plaintiff has been unable to locate Brown, and no trace of Crown Knits Co. can be found at any of its addresses. In an attempt to identify Brown and Crown Knits Co. and learn more of their activities plaintiff served the subpoena on Citibank seeking

the production of the pertinent bank's records.

The firm of Gitomer, Schwimmer & Gitomer, appearing for Crown Knits Co. and Brown, moved to quash the subpoena, supporting the motion by affidavits from Howard D. Bader, then an associate in the firm, and E. Josef Brown. Bader's affidavit recited, among other things, that Brown had called Bader's office and advised him that bank records of Crown Knit Co. and Brown at Citibank were being demanded, that he was unaware of the lawsuit, and that he could see no reason why his privacy or property should be examined without his permission. Brown's affidavit does not give his residence or business address and recites the fact that the subpoena had been served and that he had called his attorneys to express his outrage and deep concern.

In an effort to locate Brown plaintiff took the deposition of Bader, who had since left the law firm. Bader testified that he was assigned to handle the motion to quash by Schwimmer, a partner in the firm, that he recalled nothing of the conversation other than what appeared in his affidavit, and that the person at the firm most likely to have knowledge about Brown and Crown Knits was Schwimmer.

Plaintiff has now subpoenaed Schwimmer to testify and to produce documents in eight numbered subject areas. Schwimmer has moved to quash the subpoena, objecting to Items 5 through 7. Item 5 asks for all documents and things referring or relating to the telephone discussion with Brown referred to in Bader's affidavit. Item 6 seeks all documents and things relating to the execution of Brown's affidavit. Item 7 asks for all documents and things relating to the referring of Brown or Crown Knits Co. to the law firm or Schwimmer, including the identity of the persons making the referral.

█ The motion to quash is denied. The attorney-client privilege belongs to the client. No doubt the client may object to disclosure of the confidential communications between him and his attorneys, but he may not hide his identity and seek through his attorney to keep that identity hidden. If Mr. Brown wishes to invoke the privilege, he may attend the deposition of Schwimmer and assert the privilege at that time.

█ In any event no privilege applies to Items 6 and 7. The identity of the client is not protected, and the address at which Brown was located during October and November 1979 is not privileged. It is proper to seek information as to where the affidavit was sent for execution.

The Schwimmer law firm submitted to the court the notes of Bader at the time that he talked to Brown and prepared the affidavits. These notes may contain privileged material. In the event Brown asserts the privilege the notes shall be used by Schwimmer to refresh his recollection with respect to unprivileged matters. If plaintiff does not obtain the information it seeks in the course of Schwimmer's deposition, the court will then focus on the question of whether the notes should be revealed to plaintiff. So ordered.